**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.W.**

**No. 21-0789** (Harrison County 19-JA-164-1)

**MEMORANDUM DECISION**

Petitioner Mother A.H., by counsel Julie N. Garvin, appeals the Circuit Court of Harrison County's August 24, 2021, order terminating her parental rights to R.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Jenna L. Robey, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an extension of her post-dispositional improvement period and in terminating her parental rights upon erroneous findings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a petition alleging that petitioner previously voluntarily relinquished her parental rights to three older children in a prior proceeding that concerned her substance abuse and domestic violence in the home. In regard to R.W.,[2] the petition alleged that when petitioner was admitted to give birth to the child in August of 2019, she tested positive for amphetamine and opiates. Despite initially indicating that she had not used drugs for three years, petitioner became tearful after her positive screen and admitted to having "messed up a couple times." Petitioner then admitted that she took pain pills and methamphetamine two days prior to the child's birth and that she used methamphetamine "a handful of times throughout

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The proceedings below concerned an additional child who is not at issue on appeal.

pregnancy." When petitioner's screen was tested at a laboratory, it was positive for amphetamine, methamphetamine, and morphine. The petition further alleged that petitioner had a history of involvement in "bad relationships" that resulted in her relapse into drug use and, ultimately, a period of incarceration. According to the petition, petitioner's criminal history included charges of possession of a controlled substance, petit larceny, receiving/transferring stolen property, shoplifting, manufacturing/delivery of a controlled substance, obstruction, and battery. Based on these facts, the DHHR alleged that petitioner abused and/or neglected the child. Following the petition's filing, petitioner waived her right to a preliminary hearing.

In October of 2019, petitioner stipulated to her adjudication on the basis that, among other things, she tested positive for drugs upon giving birth to the child, had a history of substance abuse, and made poor parenting decisions that negatively impacted the child. Petitioner also agreed to comply with recommended out-patient substance abuse treatment, random drug screens, therapy and any resulting recommendations, and parenting classes, among other requirements. The court adjudicated petitioner of neglecting the child.

The following month, the DHHR amended the petition to include allegations that petitioner was in a vehicle with the child's father in October of 2019 during an incident with law enforcement. According to the amended petition, petitioner was under the influence of drugs and the father was in possession of drugs and paraphernalia. The father was arrested during this incident. Despite these new allegations, the court granted petitioner a post-adjudicatory improvement period later in November of 2019.

In August of 2020, the circuit court held a hearing, during which the court was informed that petitioner successfully completed parenting and adult life skills services, although she recently missed two drug screens. The court noted that petitioner needed to work on consistently submitting to screens and attending her outpatient substance abuse treatment. The court then granted petitioner an extension of her post-adjudicatory improvement period. However, the following month, the guardian filed a motion to revoke petitioner's improvement period. According to the guardian, petitioner missed thirty-one drug screens and continued to test positive when she did screen. Additionally, the guardian alleged that petitioner was arrested in September of 2020 after law enforcement discovered her in a vehicle "passed out in the parking lot . . . with several individually packaged baggies of a clear crystal[-]like substance." It was later alleged that petitioner possessed methamphetamine, heroin, and scales. According to the guardian, petitioner was charged with the felony offense of possession with intent to deliver as a result of this incident.

In October of 2020, the DHHR filed a second amended petition in which it alleged that petitioner was not successful in her post-adjudicatory improvement period and was still abusing drugs. According to the DHHR, petitioner tested positive for methamphetamine and amphetamine in March of 2020 and then failed to submit to screens from April of 2020 to August of 2020.

In November of 2020, petitioner moved for a post-dispositional improvement period. In her motion, petitioner admitted to a relapse in her substance abuse, but asserted that she took steps to rectify this issue by gaining admission to a substance abuse treatment program in September of 2020 and remaining there. The same month, the circuit court held an adjudicatory hearing, during which the DHHR presented evidence consistent with its amended petitions. The court found that

petitioner did not contest her adjudication, as she admitted to a substance abuse problem, including heroin and methamphetamine, and further acknowledged that it affected her ability to parent. During the hearing, the court also addressed petitioner's motion for a post-dispositional improvement period. Both the DHHR and the guardian expressed no objection to petitioner's motion and believed that she demonstrated a substantial change in circumstances by entering a long-term inpatient substance abuse treatment program. The court agreed and granted petitioner's motion for a post-dispositional improvement period.

In June of 2021, petitioner filed a motion for an extension of her post-dispositional improvement period. The following month, the guardian filed a report in which she expressed concerns about petitioner's lack of understanding regarding appropriate supervision of the child. According to the guardian, petitioner "engages in other activities during her visitation" and demonstrated continued issues with the suitability of her partners. The guardian noted that petitioner was previously in an abusive and controlling relationship with the child's father, and "[i]nstead of prioritizing her recovery and the minor child, she began a relationship with a man who she knew had a criminal history and [she] was beaten." The guardian noted that petitioner took corrective steps after the fact, but nonetheless expressed concerns that she "immediately fell back into the same pattern and did not heed the concerns of the DHHR regarding her paramour." According to the guardian, petitioner "spoke of introducing the minor child to the gentleman very quickly after becoming involved." Based on these issues, the guardian recommended termination of petitioner's parental rights.

In July of 2021, the circuit court held a dispositional hearing, during which the DHHR presented testimony from a service provider and a Child Protective Services worker, in addition to other evidence in support of termination. Petitioner then presented testimony from several witnesses and evidence in support of her assertion that she fully completed the terms and conditions of her improvement period. Based on the evidence, the court found that "[d]espite the WVDHHR offering every available service to [petitioner] . . . , she still is not able to ensure the safety of the minor child." The court noted that, although the case had been ongoing for approximately two years, petitioner "is still not making good choices regarding the minor child." The court found that, just as petitioner had continued her relationship with the father while he was still actively using drugs, petitioner continued her relationship with her boyfriend even though the DHHR warned her against it. According to the court, petitioner's "continued poor choices put her in another dangerous situation and would have put [R.W.] at risk had he been returned to her care." The court also found that the child had been in the DHHR's custody for twenty-two months, the entirety of his life, and that he "deserves permanency and a safe and stable living environment." Further, the court found that the evidence demonstrated that petitioner did not have a bond with the child, as a visitation supervisor testified that he often hid his eyes from her or pushed her away. As such, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, as she demonstrated an inability to solve the problems on her own or with help, and that the child's welfare required termination of petitioner's parental rights. The court then terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

---

[3]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first alleges that the circuit court erred in denying her motion for an extension of her post-dispositional improvement period. In support, petitioner attacks the credibility of a service provider, alleging that the provider demonstrated an "obvious bias towards the foster family" and that the provider was "caught in multiple lies in regard to cancelling of visits and of issues that she claimed occurred during the visits that no one else could confirm." However, petitioner provides no citation to the record in support of these bald assertions, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Because petitioner failed in this regard, she cannot be entitled to relief upon these baseless allegations.

Petitioner also alleges that she established a substantial change in circumstances such that an extension to her improvement period was appropriate under West Virginia Code § 49-4-610(6). According to petitioner, she remedied the conditions of abuse and neglect and simply required a period of transition in order to regain custody of the child. This argument, however, ignores substantial evidence to the contrary. While it is true that petitioner demonstrated an extended period of sobriety and compliance with some aspects of the case plan, the record nonetheless shows that she continued in her poor decision-making by continuing relationships with inappropriate individuals such that she had not remedied the conditions of abuse and neglect and continued to pose a threat to the child's safety.

Specifically, the circuit court found that petitioner ignored the DHHR's warnings about her new boyfriend and his criminal history and was ultimately the victim of physical violence at his hand. While it may be true that petitioner took steps to remedy this issue after the fact, we agree with the circuit court that petitioner demonstrated a repeated pattern of poor decisions that placed her in danger and would have endangered the child if in her care. Indeed, petitioner expressed a desire to introduce the child to her new boyfriend shortly after initiating the relationship, thereby demonstrating her inability to properly protect the child. The court also noted the fact that the

4

proceedings had been ongoing for approximately twenty-two months by this point and that the DHHR had provided petitioner with all available services, to no avail. According to West Virginia Code § 49-4-610(6), in order to grant an extension to a post-dispositional improvement period, a circuit court must find, among other things, that the extension would be in the child's best interest. Here, the court specifically found that this was not the case, as the child had been in foster care for an extended period that amounted to the entirety of the child's life and required permanency. We agree, and find no abuse of discretion in the court's denial of petitioner's motion on this basis. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

This same evidence further supports the circuit court's termination of petitioner's parental rights. In support of her second assignment of error, petitioner relies on much of the same evidence and arguments to assert that termination was inappropriate. In short, petitioner takes issue with the court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her rights was necessary for the child's welfare. We find, however, that just as we pointed out above, the record does not support petitioner's position that she fully corrected the conditions of abuse and neglect. Accordingly, this argument will not entitle her to relief in regard to this assignment of error. Contrary to her assertion, the record shows that petitioner "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [her] own or with help," which is the definition of no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected as set forth in West Virginia Code § 49-4-604(d). To reiterate, petitioner received services over many months, yet continued to exhibit poor decision-making abilities that continued to threaten the child's safety. Further, the court found that termination of petitioner's parental rights was necessary for the child's welfare, given the fact that the child remained in foster care for twenty-two months as a result of petitioner's inability to correct the conditions and required permanency. As such, the court had ample evidence upon which to base these findings.

On appeal, petitioner alleges, again without citation to the record, that she shared a strong bond with the child. Petitioner also acknowledges that a service provider contradicted this assertion by testifying to problems petitioner demonstrated during visits and the fact that the child displayed behavior demonstrating a lack of a bond with petitioner. We must reiterate that petitioner cannot be entitled to relief upon allegations that lack citation to the record. Even more important is the fact that petitioner acknowledges that this issue turns on the court's credibility determination, as petitioner testified to a bond with the child and the provider testified to the lack of a bond. We decline to disturb this credibility determination on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Ultimately, petitioner cannot be entitled to relief in regard to her preference for a less restrictive dispositional alternative because West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights upon the findings outlined above. We have also explained as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 24, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn